## Kingsbury Breweries Company v. Rohrbach

*C. F. Shipman*, for plaintiff; *Witmer & Rice*, for defendant.

MORGANROTH, P. J., December 3, 1934.—Plaintiff brought its action in assumpsit and in its statement averred that plaintiff, at the special instance and request of the defendant, sold and delivered to defendant certain goods and merchandise as set forth in a true and correct copy of plaintiff's book account. The statement contains no averment that the contract was written or oral, and

the defendant, in his affidavit of defense raising questions of law, contends that this omission is fatal; that plaintiff must plead whether the contract is oral or written, and, if written, attach the writing forming the basis of the action.

The question here raised has been variously decided. In Hine v. Horn, 30 Dist. R. 499, it was held: "An action upon a book account is not an action upon an express agreement, either oral or written, and, therefore, does not fall within the provisions of section 9 of the Practice Act of 1915 requiring that, in actions on contracts, the statement of claim shall state whether the contract was oral or in writing."

This view is also taken in Bartlett Garages, Inc., v. Kaier, 15 Schuyl. 81, and in Raub Supply Co. v. Forrest, 5 D. & C. 678. In International Clay Machine Co. v. Keystone Clay Co., 29 Dist. R. 753, Strauss, J., speaking for the Luzerne County bench, takes a contrary view. He says: "An action on a book account is clearly on contract. The statute does not distinguish between an express and an implied, but only between an oral and a written contract. As the question involved is one of correct practice, this case has been submitted to all of the judges of this court for their opinion, and they agree that the requirement of the statute must be observed, and the statement should clearly set out whether the contract in suit was oral or in writing. A purchase over the counter at a store makes an oral contract. A purchase by correspondence makes a written contract. In the case before us, where the parties are located far apart, as Dayton, Ohio, and Wyoming, Pa., the probabilities in favor of a written contract are strong. If the contract were in writing, then, under section 5 of the same act, 'copies of all notes, contracts, book entries' must be attached to the statement. This would probably include copies of the correspondence from which the contract arose. We, therefore, have concluded that the plaintiff's statement is insufficient."

This case is cited with approval in Lowengard v. Strickler, 7 Northumb. L. J. 346, 348. It is contended by counsel for plaintiff that the statement was drawn over the statement in the case of Henry Wertz & Sons v. Ortman, 27 Dist. R. 462, 463, where it was held that a statement was sufficient which shows "the dates of the purchase, the amount purchased, and the price per ton, as well as the total amount due"; the learned court further holding that the defendants were entitled to no further information, and that it is not the business of the plaintiffs to furnish defendant with a defense. In that case, however, the question of written or oral contract was not raised, defendant contending for a bill of particulars showing the name of the agent and firm from which fertilizer was bought, the analysis of the goods, and under what guaranty they were sold. It is the defendant's contention in the instant case that before he can be required to plead to the merits, he should be informed whether plaintiff claims under a written or under an oral contract; that is to say, whether plaintiff or its agent made the sale or sales of the merchandise averred to have been sold and delivered by personal solicitation and verbal order on the part of defendant, or whether the contract was by written order or correspondence. It is well argued that if the contract were by written order or correspondence the terms of the contract as averred would be contained in the writing, whereas if the contract were by an oral order the terms of the contract would be found in the verbal understanding between the plaintiff and defendant.

Were this sale and delivery over the counter at a store, we would hold that a claim upon a book account without an express averment whether the contract was oral or in writing would be a sufficient statement, but, as in International Clay Machine Co. v. Keystone Clay Co., supra, it is evident in the case at bar that the parties are located far apart, one at Manitowoc, Wisc., and the other

at Sunbury, Pa., and that the probabilities in favor of a written contract are strong. If the plaintiff here claims upon a written contract, it should plead the writing; if it claims upon an oral order, it should so aver.

And now, December 3, 1934, it is held that plaintiff's statement of claim is insufficient. Plaintiff is permitted to file a new or amended statement and thereupon require an affidavit of defense within 15 days.